UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DYNAMICS INC.,<br><br>                Plaintiff,<br><br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG RESEARCH AMERICA, INC.,<br><br>                Defendants. | Index No.: 1:19-cv-06479-JPO |

**STIPULATED PROTECTIVE ORDER**

      WHEREAS, the Plaintiff Dynamics Inc. ("Dynamics") and the Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America, Inc., (collectively "Samsung") in the above-captioned matter ("Action"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

      WHEREAS, the Parties seek a protective order in accordance with Federal Rule of Civil Procedure 26(c):

      THEREFORE, the Parties hereby stipulate to the following order ("Order" or "Protective Order); and the Court hereby adopts the Parties' stipulated Protective Order as its order:

      1.      Confidential business information is information which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other

organization, or other information of commercial value, the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained. The term "confidential business information" includes "proprietary information" within the meaning of section 777(b) of the Tariff Act of 1930 (19 U.S.C. § 1677f(b)).

2. (a) Any information submitted, in discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this litigation, which is asserted by a supplier to contain or constitute confidential business information shall be so designated by such supplier in writing, or orally at a deposition, conference or hearing, and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or a comparable notice. Such information, whether submitted in writing or in oral testimony, shall be treated in accordance with the terms of this protective order.

(b) The Court may determine that information alleged to be confidential is not confidential, or that its disclosure is necessary for the proper disposition of the proceeding, before, during or after the close of a trial herein. If such a determination is made by the Court, opportunity shall be provided to the supplier of such information to argue its confidentiality prior to the time of such ruling.

3. In the absence of written permission from the supplier or an order by the Court, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) outside counsel for parties to this litigation, including necessary secretarial and support personnel assisting such counsel; (ii) qualified persons taking testimony involving such documents or information and necessary

stenographic and clerical personnel thereof; (iii) technical experts and their staff who are employed for the purposes of this litigation (unless they are otherwise employed by, consultants to, or otherwise affiliated with a non-governmental party, or are employees of any domestic or foreign manufacturer, wholesaler, retailer, or distributor of the products, devices or component parts which are the subject of this litigation); and (iv) the Court and its staff.

4. Confidential business information submitted in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3(ii) and (iii) unless he or she shall have first read this order and shall have agreed: (i) to be bound by the terms thereof; (ii) not to reveal such confidential business information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential business information solely for purposes of this litigation.

5. If the Court orders, or if the supplier and all parties to the litigation agree, that access to, or dissemination of information submitted as confidential business information shall be made to persons not included in paragraph 3 above, such matter shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this order, and such persons shall be considered subject to it, unless the Court finds that the information is not confidential business information as defined in paragraph 1.

6. Any confidential business information submitted to the Court in connection with a motion or other proceeding within the purview of this litigation shall be submitted under seal pursuant to paragraph 2 above, consistent with the Local and Individual Rules of the Court. Any portion of a transcript in connection with this litigation containing any confidential business information submitted pursuant to paragraph 2 above shall be bound separately and filed under seal consistent with the Local and Individual Rules of the Court. When any confidential business

information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." Before a court reporter or translator receives any such information, he or she shall have first read this order and shall have agreed in writing to be bound by the terms thereof. Alternatively, he or she shall sign the agreement included as Attachment A hereto. Copies of each such signed agreement shall be provided to the supplier of such confidential business information.

7.     The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Court's rules, after an opportunity for hearing, was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

8.     If while the litigation is before the Court, a party to this order who is to be a recipient of any business information designated as confidential and submitted in accordance with paragraph 2 disagrees with respect to such a designation, in full or in part, it shall notify the supplier in writing, and they will thereupon confer as to the status of the subject information proffered within the context of this order. If prior to, or at the time of such a conference, the supplier withdraws its designation of such information as being subject to this order, but nonetheless submits such information for purposes of the litigation, such supplier shall express the withdrawal, in writing, and serve such withdrawal upon all parties and the Court. If the recipient and supplier are unable to concur upon the status of the subject information submitted as confidential business information within ten (10) days from the date of notification of such disagreement, any party to this order may

raise the issue of the designation of such a status to the Court who will rule upon the matter. The Court may *sua sponte* question the designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

9. No less than ten (10) days (or any other period of time designated by the Court) prior to the initial disclosure to a proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall submit in writing the name of such proposed expert and his or her educational and detailed employment history to the supplier. If the supplier objects to the disclosure of such confidential business information to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the recipient in writing of its objection and the grounds therefore prior to the initial disclosure. If the dispute is not resolved on an informal basis within ten (10) days of receipt of such notice of objections, the supplier shall submit immediately each objection to the Court for a ruling. The submission of such confidential business information to such proposed expert shall be withheld pending the ruling of the Court.

10. If confidential business information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the supplier and the Court and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

11. Nothing in this order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of confidential business information.

12. Upon final termination of this litigation, each recipient of confidential business information that is subject to this order shall assemble and return to the supplier all items containing such information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made. Alternatively, the parties subject to this order may, with the written consent of the supplier, destroy all items containing confidential business information and certify to the supplier (or his counsel) that such destruction has taken place. This paragraph shall not apply to the Court.

13. If any confidential business information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to this litigation, such a nonparty shall be considered a "supplier" as that term is used in the context of this order.

14. Each nonparty supplier shall be provided a copy of this order by the party seeking information from said supplier.

15. <u>Source Code.</u> A Producing Party may designate documents, information, or things that contain non-public Source Code of the Producing Party or of any non-party whose documents or information a Producing Party is permitted to produce in this litigation as "CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION."

16. <u>Definitions.</u>

　　A. "Producing Party" shall mean any Party or non-party that makes Source Code available for review.

　　B. "Receiving Party" shall mean any Party or non-party, other than the Producing Party, that reviews Source Code or receives Source Code printouts provided by the Producing Party.

  C. "Source Code" shall mean computer source code, including but not limited to, source files, make files, intermediate output files, header files, resource files, library files, module definition files, map files, linker files, browse info files, and debug files, microcode, register transfer language ("RTL"), hardware language ("HDL") or other files used in the generation, compilation, building, description, simulation, or synthesis of software or firmware executed on, or hardware used in, a microprocessor, micro-controller, or digital signal processor as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code.

17. <u>Source Code Qualified Persons.</u> Unless otherwise ordered by the Court or permitted in writing by a Producing Party, materials designated as "CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION" shall not be disclosed to anyone except the following persons ("SOURCE CODE QUALIFIED PERSONS")

  A. Outside Counsel of Record who have signed the Agreement to Be Bound by the Protective Order in this litigation, and staff assisting such counsel who are necessarily incident to the litigation;

  B. The Court and its personnel as indicated in paragraph 3 of this Protective Order;

  C. Court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings, or trial in this litigation, who have signed an acknowledgment to be bound by the Protective Order;

  D. Qualified experts or consultants retained by a Party for purposes of this litigation under paragraph 9 of this Protective Order (hereinafter, "Qualified Experts");

E. Any third parties who are witnesses during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes that the Source Code or portion of the Source Code was authored or received by the witness without any violation of any confidentiality obligation owed to any Party in this litigation;

F. Anyone else to whom the Producing Party consents, as long as such individual signs an acknowledgment to be bound by the Protective Order, and, if applicable, the "Certification of Consultant Regarding Protective Order" attached hereto as Exhibit A, and such consent is expressly provided in writing by Outside Counsel of Record for the Producing Party.

G. Nothing in this paragraph shall prevent a Producing Party from disclosing its Source Code to the Producing Party's own employees or Qualified Experts.

18. <u>Production and use of "CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION."</u> "CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION," shall be provided with the following additional protections:

A. Nothing in this Protective Order shall obligate the parties to produce any Source Code, nor act as an admission that any particular Source Code is discoverable.

B. Access to Source Code will be given only to Source Code Qualified Persons.

C. Access to Source Code shall be provided on two stand-alone, non-networked, password protected computers, which shall not be connected to any peripheral device other than a monitor, keyboard, printer, and mouse. ("Source Code Computers") Alternatively, solely at the option of the Producing Party, the Producing

Party may make such source code available on a Source Code Computer that is networked, in a configuration deemed secure by the Producing Party. The Source Code Computers shall be kept in a secure location within the Contiguous United States at the offices of the Producing Party's Outside Counsel of Record, or at such other location as the Producing Party and Receiving Party mutually agree. The Producing Party shall make the Source Code viewable in computer searchable format on the Source Code Computer. The Source Code Computer shall, at the Receiving Party's request, include or have access to reasonable analysis tools appropriate for the type of Source Code. The Source Code Computer shall include dual monitors and have reasonable processing power.

      D.    The Receiving Party shall make reasonable efforts to restrict its requests for access to the Source Code Computer to normal business hours, which for purposes of this Paragraph shall be 9:00 a.m. through 5:00 p.m. local time at the reviewing location.  Upon reasonable notice from the Receiving Party, which shall not be less than three (3) business days in advance, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the computers outside of normal business hours. Such an expanded review period shall be limited to business days and shall not begin earlier than 8:00 a.m. and shall not end later than 7:00 p.m. local time at the reviewing location. The parties agree to cooperate in good faith such that access to the Source Code at the offices of the Producing Party's Outside Counsel of Record, or at such other location as the Producing Party and Receiving Party mutually agree, shall not unreasonably hinder the Receiving Party's ability to efficiently conduct

the prosecution or defense in this litigation. Proper identification of all Source Code Qualified Persons shall be provided prior to any access to the Source Code Computers.

E.  All Source Code Qualified Persons who will review Source Code on behalf of a Receiving Party shall be identified in writing to the Producing Party at least seven (7) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any disclosure required under paragraph 9 of this Protective Order. The Producing Party shall provide these individuals with information explaining how to start, log on to, and operate the Source Code Computers in order to access the produced Source Code on the Source Code Computers. For subsequent reviews by Source Code Qualified Persons, the Receiving Party shall give at least two business days (and at least 48 hours) notice to the Producing Party of such review. Advance notice for a subsequent review shall be sufficient when provided by 1:00 p.m. (local time at the location of the Source Code Computers) during the course of a review session, for such review to continue the next subsequent business day.

F.  No person other than the Producing Party may alter, dismantle, disassemble or modify the Source Code Computer any way, or attempt to circumvent any security feature of the computers.

G.  No copies shall be made of Source Code, whether physical, electronic, or otherwise, other than volatile copies necessarily made in the normal course of accessing the Source Code on the Source Code Computer, except for: (1) printouts of reasonable portions of the Source Code in accordance with the provisions of this Protective Order; and (2) such other uses to which the parties may agree or that the Court may order. Reasonable portions of the Source Code shall be limited to the portions that are

necessary to understand a relevant feature of an accused product or embodying product in this litigation. No Source Code Qualified Person may bring outside electronic devices, including but not limited to laptop computers, mobile phones, USB flash drives, zip drives, CDs, floppy disks, portable hard drives, or devices with camera functionalities into the room containing the Source Code Computer. Written notes by a Source Code Qualified Person may only be taken in a single bound spiral notebook ("Source Code Notebook"), which will be marked on its face and treated as CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION and is presumptively attorney work product that need not be shared with or returned to the Producing Party at the conclusion of the litigation but must be destroyed in accordance with the provisions of the Protective Order at the conclusion of this matter. The Receiving Party may not copy more than five consecutive lines of Source Code into any such notes. The Receiving Party may make reference to words, phrases, and the like that appear in the source code.

  H. The Producing Party may exercise personal supervision from outside the review room over the Source Code Qualified Person when s/he is in the Source Code review room. Such supervision, however, shall not entail review of any work product generated by the Source Code Qualified Person. There will be no video supervision of the Source Code Qualified Person.

  I. Nothing may be removed from the Source Code Computers, either by the Receiving Party or at the request of the Receiving Party, except for (1) printouts of reasonable portions of the Source Code in accordance with the provisions of this Protective Order and necessary for use in and preparation for this litigation including but not limited

to when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other Party; to prepare internal attorney work product materials; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts; and (2) such other uses to which the parties may agree or that the Court may order.

        J.      At the request of the Receiving Party, the Producing Party shall within three (3) business days provide one (1) hard copy printout of the specific lines, pages, or files of the Source Code that the receiving party believes in good faith are necessary to understand a relevant feature of an accused or embodying product. The Producing Party will provide means for the Receiving Party to identify the printouts requested during the review. The Receiving Party may not request printouts of entire files identified as of interest in the first instance (*i.e.* as an alternative to reviewing the Source Code on the Source Code Computer). During the review of Source Code, if a Receiving Party believes in good faith that contemporaneous access to printouts of particular pages of the Source Code are necessary to further the review, the Receiving Party may request and the Producing Party shall promptly provide one (1) hard copy printout of such pages. The Receiving Party shall limit its requests for contemporaneous access to printouts to those pages actually necessary to continue the review. If the Producing Party objects in any manner to the production of the requested Source Code *(e.g.,* the request is too voluminous), it shall state its objection within the allotted five (5) business days pursuant to this paragraph. In the event of a dispute, the parties will meet and confer within five (5) business days of the objection being raised and if they cannot resolve it, the Producing Party must raise it with the Court within two (2) business days or the objection is waived.

K.  Hard copy printouts of Source Code shall be provided on Bates numbered and watermarked or colored paper clearly labeled CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION on each page and shall be maintained by the Receiving Party's Outside Counsel of Record or other Source Code Qualified Persons in a secured locked area. The Receiving Party may also temporarily keep the hard copy printouts at: (a) the S.D.N.Y. for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (b) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (c) any reasonably secure intermediate location reasonably necessary to transport the hard copy printouts (*e.g.,* a locked hotel room prior to a Court proceeding or deposition, or a secure carrier such as Fedex). The Receiving Party shall exercise due care in maintaining the security of the hard copy printouts at these temporary locations. No further hard copies of such Source Code shall be made and the Source Code shall not be transferred into any electronic format or onto any electronic media except that:

1.  The Receiving Party is permitted to make up to five (5) additional hard copies for use at a deposition, after which any copies not provided to other parties during the deposition will be destroyed. The court reporter will not retain any hard copies of Source Code, but will note the Bates number of the pages of Source Code used on the transcript. Any transcript in which Source Code is discussed will be marked CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION, and the transcript will be subject to the requirements of this paragraph 18, unless the parties reach agreement otherwise,

which the Parties will do in good faith to address portions of the transcript that do not discuss the Source Code.

2. The Receiving Party is permitted to make up to five (5) additional hard copies of Source Code in connection with a Court filing, hearing, or trial, but only of the specific pages that are directly relevant to and necessary for deciding the issue for which the portions of the Source Code are being filed or offered. To the extent portions of Source Code are quoted or reproduced in a Court filing, either (1) the entire document will be stamped and treated as CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION; or (2) those pages containing quoted or reproduced Source Code will be separately stamped and treated as CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION. If Source Code is discussed on the record in a hearing, the portion of the hearing transcript will be marked CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION, and that portion of the transcript will be subject to the requirements of this paragraph 18 as to the Party.

3. The Receiving Party is permitted to make up to two (2) additional hard copies which shall be maintained by the Receiving Party's Outside Counsel of Record or other Source Code Qualified Persons in a secured locked area. The Receiving Party shall disclose to the Producing Party within one (1) business day the pages of Source Code copied and how many copies were made. The Outside Counsel of Record or other Source Code Qualified Persons maintaining the Source Code shall also abide by the provisions of Paragraph 18(N).

4. Electronic copies of Source Code may only be made to be included in documents which cannot be filed or served in hard copy form and must be filed or served electronically. Only the necessary amount of electronic copies to effectuate such filing may be temporarily stored on any Receiving Party server, hard drive, thumb drive, or other electronic storage device at any given time. After any such electronic filing or service, the Receiving Party shall delete all electronic copies from all Receiving Party electronic storage devices. If Source Code are used, analyzed, copied or quoted by a Receiving Party in an expert report, pleading, or other document, all electronic copies of said report, pleading, or other document must be deleted after the document is finalized and reduced to a hard copy, and the hard copy will be marked and treated as CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION. Nevertheless, the Receiving Party may keep an electronic copy of the final draft of its expert report until the conclusion of this matter.

5. The Producing Party shall, on request, provide access to a Source Code Computer during depositions of witnesses who would otherwise be permitted access to such Source Code. If a Source Code Computer is requested for a deposition, the deposition will occur at a location selected by the Producing Party. The Receiving Party shall make such request at the latter of the time of the notice for deposition or five (5) business days prior to the time of the deposition.

L. Nothing in this Protective Order shall be construed to limit how a Producing Party may maintain material designated as CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION.

   M. Outside Counsel of Record for the Receiving Party with custody of CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION shall maintain an access log containing the following information: (1) the identification of each person granted access to the CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION; and (2) the first date on which such access was granted. Outside Counsel of Record for the receiving party will produce, upon request, such access log to the Producing Party within twenty (20) days of the final judgment of the litigation.

   N. At the conclusion of the litigation, the Receiving Party shall certify that all copies of any CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION in the possession of all Source Code Qualified Persons affiliated with Receiving Party have been destroyed.

| AGREED ON BEHALF OF PLAINTIFF: | AGREED ON BEHALF OF DEFENDANTS: |
|---|---|
| /s/ Robert W. Morris | /s/ James E. Marina |
| Robert W. Morris | James E. Marina |
| **MORRIS LAW GROUP** | **KIRKLAND & ELLIS LLP** |
| 35 Longvue Avenue | 601 Lexington Avenue |
| New Rochelle, NY 10804 | New York, NY 10022 |
| Telephone: (914) 216-1398 | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| *Counsel for Plaintiff Dynamics Inc.* | *Counsel for Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America, Inc.* |

**SO ORDERED**

Dated:   January 12  , 2023

_____
J. PAUL OETKEN
United States District Judge

# APPENDIX A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DYNAMICS INC., <br><br> Plaintiff, <br><br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG RESEARCH AMERICA, INC., <br><br> Defendants. | Index No.: 1:19-cv-06479-JPO |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS**
**REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____.

   My current employer is_____.

   My current occupation is_____.

2. I am not an employee of the Party who retained me or of a competitor of any Party to this litigation.

3. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

4. I will comply with allof the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only

for purposes of this action any information designated as "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL SOURCE CODE—ATTORNEY'S EYES ONLY INFORMATION" that is disclosed to me.

      5.      Promptly upon termination of these actions, I will return all copies of designated materials, my notes regarding the designated materials, and all drafts, reports, deposition transcripts and other materials containing the designated materials or references thereto to the counsel who employed me for this litigation.

      6.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____