UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DYNAMICS INC.,

                  Plaintiff,

-v-

SAMSUNG ELECTRONICS CO., LTD., *et al.*,

                  Defendants.

19-CV-6479 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

    Plaintiff Dynamics Inc. ("Dynamics") brings this action against Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Research America, Inc. ("SRA," and together with SEC and SEA "Defendants") for patent infringement and breach of contract. Presently before the Court is Defendants' motion to dismiss Counts II through V of Dynamics's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dynamics has stipulated that it no longer seeks relief as to Counts II through IV of the First Amended Complaint, which are patent infringement claims based on three patents that have been invalidated. (ECF No. 43; ECF No. 76 at 1.) The Court must therefore resolve Defendants' motion to dismiss as to Count V, which is for breach of contract.

## I. Background

### A. Factual Background

    The following facts are drawn from the First Amended Complaint and are assumed true for purposes of resolving Defendants' motion to dismiss. (ECF No. 60 ("Compl.").) In January 2012, Dynamics participated at the Consumer Electronics Show in Las Vegas. (*Id.* ¶ 28.) In connection with the Consumer Electronics Show, Samsung and Dynamics agreed to meet privately off-site to discuss various aspects of Dynamics's technology and the possibility of the

1

two companies' working together.  (*Id.*)  In anticipation of their meeting, Dynamics and SRA (then SISA) negotiated the terms of a non-disclosure agreement (NDA), which was executed on January 10, 2012.  (*Id.*; *see* ECF No. 60-6.)  Dynamics alleges that the "NDA prohibited Samsung from using, disseminating, or in any way disclosing confidential information [as defined in the agreement] to any third party."  (Compl. ¶ 30.)  During the presentation and in the days following the presentation, pursuant to the NDA, Dynamics discussed its magnetic emulation technologies with Samsung.  (*Id.* ¶ 32.)  Dynamics and Samsung had additional meetings pursuant to the NDA regarding potential collaboration, including at least one meeting held at Dynamics's facility in Pennsylvania where Samsung was provided with a confidential tour of Dynamics's engineering, development, and manufacturing facilities.  (*Id.* ¶ 34.)  Samsung and Dynamics have never come to an agreement for licensing or otherwise engaging in any partnership with respect to the technologies that Dynamics disclosed to Samsung under the NDA.  (*Id.*)

Dynamics alleges that Samsung breached the NDA by disclosing and using Dynamics's confidential information.  Specifically, Dynamics alleges that SRA shared the confidential information it had obtained from Dynamics with the other Samsung Defendants.  (*Id.* ¶ 36.)  Dynamics further alleges that Samsung disclosed Dynamics's confidential information to a third party, LoopPay, which is a direct competitor of Dynamics.  (*Id.* ¶ 78.)  LoopPay used Dynamics's confidential information to provide Samsung devices with Dynamics's magnetic emulation technology.  (*Id.* ¶ 79.)  Samsung purchased LoopPay in or about February 2015 for approximately $250 million dollars.  (*Id.* ¶ 81.)

B.   **Procedural History**

Dynamics commenced this action on July 12, 2019.  (ECF No. 1.)  Dynamics filed its First Amended Complaint on December 20, 2022.  (ECF No. 60.)  Defendants filed their motion

to dismiss Counts II through V of the First Amended Complaint on January 17, 2023. (ECF No. 67.) Dynamics filed its opposition to Defendants' motion to dismiss on February 14, 2023. (ECF No. 76.) Defendants filed a reply in support of their motion to dismiss on February 21, 2023. (ECF No. 80.)

## II.     Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 508 n.1 (2002). While "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, the Court must "draw all inferences in the light most favorable to the non-moving party[]," *In re NYSE Specialists Sec. Litig*., 503 F.3d 89, 95 (2d Cir. 2007). "In considering a motion to dismiss. . ., a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C*., 622 F.3d 104, 111 (2d Cir. 2010).

## III.    Discussion

"To make out a viable claim for breach of contract a 'complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages.'" *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co.*, 375 F.3d 168, 177 (2d Cir. 2004) (quoting *Harsco Corp v. Segui*, 19 F.3d 337, 348 (2d Cir. 1996)).

3

Defendants argue that Dynamics's breach of contract claim should be dismissed as to SEC and SEA because neither entity is a party to the contract. Dynamics does not allege that either SEC or SEA is a party to the contract (Compl. ¶ 9), nor does Dynamics dispute this issue in its brief in opposition to Defendants' motion to dismiss. Neither SEC nor SEA signed the NDA, nor does the NDA make any mention of either entity. (*See* ECF No. 60-6.) Although SRA is a subsidiary of SEA, which is a subsidiary of SEC (Compl. ¶¶ 4-5), "[a] contract with a subsidiary does not constitute a contract with the subsidiary's parent." *MassMutual Asset Fin. LLC v. ACBL River Operations, LLC*, 220 F. Supp. 3d 450, 457 (S.D.N.Y. 2016) (citing *Hudson Optical Corp. v. Cabot Safety Corp.*, 162 F.3d 1148 (2d Cir. 1998). Defendants' motion to dismiss Dynamics's breach of contract claims against SEC and SEA is thus granted.

Defendants next argue that Dynamics's breach of contract claim as to SRA is time-barred by the applicable statute of limitations. "When a nonresident sues on a cause of action accruing outside New York, [C.P.L.R. § 202] requires the cause of action to be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued." *Deutsche Bank Nat'l Tr. Co. v. Barclays Bank PLC*, 34 N.Y.3d 327, 334 (2019) (internal citations and quotation marks omitted). A breach of contract accrues where the injury occurs, which "usually is where the plaintiff resides and sustains the economic impact of the loss." *Id.* at 335. "Courts within the Second Circuit have consistently held that a business entity's residence is determined by its principal place of business." *Petroholding Dominicana, Ltd. v. Gordon*, No. 18-CV-1497, 2019 WL 2343658, at *6 (S.D.N.Y. June 3, 2019) (citing *Woori Bank v. Merrill Lynch*, 923 F. Supp. 2d 491, 494 (S.D.N.Y.), *aff'd*, 542 F. App'x 81 (2d Cir. 2013) (summary order)). Dynamics alleges that its principal place of business is in Pennsylvania. (Compl. ¶ 2.) Pennsylvania has a four-year statute of limitations for breach of contract claims. 42 Pa. Cons.

4

Stat. § 5525 (2002).  Because Pennsylvania's four-year limitations period is shorter than New York's six-year limitations period, *see* N.Y. C.P.L.R. § 213(2), Pennsylvania's statute of limitations is applicable, *see* N.Y. C.P.L.R. § 202.  Dynamics does not dispute that the applicable statute of limitations is Pennsylvania's.  (ECF No. 76 at 4.)

Defendants contend that the alleged breach by SRA occurred no later than February 2015, when Samsung acquired third party LoopPay, Inc, which was more than four years before Dynamics filed its original complaint on July 12, 2019.  (ECF No. 80 at 4; Compl. ¶ 40.)  The NDA prohibits SRA "from using, disseminating, or disclosing in any way the Confidential Information to any third party except to its employees."  (*Id.* ¶ 76.)  Thus, Defendants contend, Dynamics's breach of contract allegations depend on LoopPay being a third party, which ceased to be the case by February 2015 when Samsung acquired LoopPay.  (*Id.* ¶ 40.)  The Court disagrees.  Although Samsung acquired LoopPay, any entity aside from SRA, including the other Samsung Defendants, is a third party under the NDA.[1]  Thus, even after Samsung acquired LoopPay, LoopPay continued to be a third party under the terms of the NDA, just as SEC and SEA are third parties under the NDA.

Regardless of Samsung's acquisition of LoopPay, Dynamics's breach of contract claim does appear to have accrued outside of Pennsylvania's four-year statute of limitations period.  Dynamics alleges that SRA disclosed Dynamics's confidential information to LoopPay prior to February 2015.  (Compl. ¶¶ 78-79.)  Moreover, Dynamics attaches to the First Amended

---

[1] Defendants themselves emphasize that SRA is a legally distinct entity from the other Samsung Defendants, SEA and SEC.  The NDA does not define what constitutes a "third party."  The Court thus gives the term its plain meaning.  Black's Law Dictionary defines a third party as "[s]omeone who is not a party to a[n] . . . agreement . . . but who is [usually] somehow implicated in it; someone other than the principal parties."  *Third Party*, Black's Law Dictionary (11th ed. 2019).  Thus, any entity distinct from Dynamics and SRA is a third party under the terms of the NDA.

Complaint an article from May 2015 announcing that Samsung was incorporating LoopPay's magnetic emulation technology—the technology that Dynamics claims as its own—into Samsung's products.  (ECF No. 60-7.)  Thus, Defendants contend, LoopPay, SEC, and SEA must have received Dynamics's confidential information from SRA by May 2015 if at all, which falls outside the four-year statute of limitations.  (ECF No. 80 at 4.)

Dynamics responds that Samsung has failed to show that the statute of limitations was not tolled due to "continuing/successive breaches, discovery of the wrongdoing, and fraudulent concealment."  (ECF No. 76 at 5.)  "As a general rule, when 'borrowing' a foreign jurisdiction's statute of limitations under [C.P.L.R. § 202], we import that jurisdiction's limitations period, along with the extensions and tolls applied in the foreign state . . . so that the entire foreign statute of limitations . . . applie[s], and not merely its period."  *Deutsche Bank Nat'l Tr. Co.*, 34 N.Y.3d at 339 (internal citations and quotation marks omitted).  Dynamics has the burden of establishing tolling.  *See Smith v. Municipality of Lycoming Cnty.*, No. 05-CV-1729, 2006 WL 2474064, at *3 (M.D. Pa. Aug. 25, 2006), *aff'd*, 335 F. App'x 147 (3d Cir. 2009) ("[Plaintiff] seeks to avoid dismissal by arguing that the statute should be tolled. The plaintiff bears the burden of proving that the statute of limitations has been tolled.") (citing *Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 487 (3d Cir. 1985)).  Dynamics has failed to satisfy its burden.

First, Dynamics invokes the continuing violation doctrine.  Under that doctrine, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period."  *Montanez v. Sec'y Pennsylvania Dep't of Corr.*, 773 F.3d 472, 481 (3d Cir. 2014) (internal citation and quotation marks omitted).  "[T]he continuing violation doctrine does not apply when the plaintiff is aware

of the injury at the time it occurred." *Id.* (internal citation and quotation marks omitted). Second, Dynamics also invokes the discovery rule, which "tolls the accrual of the statute of limitations when the plaintiff is unable, 'despite the exercise of due diligence, to know of the injury or its cause.'" *Soutner v. Covidien, LP*, No. 17-CV-02178, 2019 WL 3801438, at *4 (M.D. Pa. Aug. 13, 2019) (citing *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983)). "The party seeking application of the discovery rule 'bears the burden of proving that reasonable diligence was exercised.'" *Id.* (citing *Nicolaou v. Martin*, 195 A.3d 880, 893 (Pa. 2018)).[2] "Both the 'discovery rule' and the 'continuing violation' doctrine are exceptions to the ordinary method of calculating a limitations period, and a plaintiff must at least plead facts supporting their invocation." *Cartisser v. W. Allegheny Sch. Dist.*, No. 19-CV-1157, 2020 WL 3871081, at *2 (W.D. Pa. July 9, 2020). Dynamics has failed to plead facts supporting the applicability of the continuing violation doctrine and discovery rule. Dynamics does not plead any facts that SRA violated the NDA after May 2015, or that Dynamics discovered SRA's violations after May 2015. In addition, the First Amended Complaint establishes that Dynamics knew or reasonably should have known of SRA's breach by May 2015 when the article attached as Exhibit G was published. Thus, Dynamics has failed to adequately allege the applicability of the continuing violation doctrine or discovery rule.

---

[2] It is unclear if Pennsylvania courts apply the discovery rule to claims for breach of contract. *See Smith v. Pruco Life Ins. Co.*, No. 20-CV-04098, 2021 WL 63266, at *3 (E.D. Pa. Jan. 7, 2021) ("As a general rule, courts have applied the discovery rule to a wide variety of cases, including contract actions. Recently, the Commonwealth Court questioned whether the Pennsylvania Supreme Court has indicated a reluctance to extend the discovery rule to contract actions based on an express written negotiated contract.") (citing *Carulli v. North Versailles Township Sanitary Authority*, 216 A.3d 564, 583 (Pa. Commw. Ct. 2019)). Here, for purposes of resolving this motion, the Court assumes that Pennsylvania courts do apply the discovery rule to claims for breach of contract.

Third, Dynamics invokes the fraudulent concealment doctrine. The fraudulent concealment doctrine "is based on a theory of estoppel, and provides that the defendant may not invoke the statute of limitations if through fraud or concealment, [it] causes plaintiff to relax [its] vigilance or deviate from his right of inquiry into the facts." *Soutner*, 2019 WL 3801438, at *5 (M.D. Pa. Aug. 13, 2019) (internal citation omitted). "Under Pennsylvania law, in order to assert the doctrine of fraudulent concealment, the defendant must have committed some affirmative independent act of concealment upon which the plaintiffs justifiably relied." *Id.* (internal citation and quotation marks omitted). "Like the discovery rule, however, the doctrine of fraudulent concealment does not toll the statute of limitations where the plaintiff knew or should have known of [its] claim despite the defendant's misrepresentation or omission.'" *Id.* (internal citation and quotation marks omitted). Dynamics does not allege any facts suggesting that SRA committed an affirmative independent act of concealment. Thus, Dynamics has failed to adequately allege fraudulent concealment.

Fourth, Dynamics contends that Samsung should be equitably estopped from arguing that Dynamics's breach of contract claim is time-barred under the statute of limitations. "Equitable estoppel is a doctrine that prevents one from doing an act differently than the manner in which another was induced by word or deed to expect." *U.S. Bank Nat. Ass'n v. First Am. Title Ins. Corp.*, 570 F. App'x 209, 212 (3d Cir. 2014) (citing *Novelty Knitting Mills, Inc. v. Siskind*, 457 A.2d 502, 503 (Pa. 1983)). "The two essential elements of equitable estoppel are inducement and justifiable reliance on that inducement." *Id.* at 213 (citing *Novelty Knitting Mills, Inc.*, 457 A.2d at 503). "[T]he burden rests on the party asserting the estoppel to establish such estoppel by clear, precise[,] and unequivocal evidence." *Id.* (citing *Blofsen v. Cutaiar*, 333 A.2d 841, 844

(Pa. 1975)). As discussed above, Dynamics does not allege any facts showing inducement on the part of SRA. Thus, Dynamics has failed to adequately allege equitable estoppel.

The Court concludes that Dynamics's breach of contract claim accrued outside of the applicable statute of limitations, and that Dynamics has failed to meet its burden of establishing that the statute of limitations has been tolled. The Court thus dismisses Dynamics's breach of contract claim.

## IV.     Conclusion

For the foregoing reasons, Defendants' motion to dismiss Counts II through V of Dynamics's First Amended Complaint is GRANTED, and those claims are dismissed with prejudice.

The Clerk of Court is directed to close the motion at ECF No. 67.

SO ORDERED.

Dated: April 5, 2024
       New York, New York

_____
J. PAUL OETKEN
United States District Judge